LEMMON, Judge
(concurring).
By his own testimony McIntosh convicted himself of negligence. Knowing there was a car approaching from the rear, he nevertheless commenced a left turn into a private driveway without first ascertaining that such movement could be made with reasonable safety. R.S. 32:104(A). He did not know whether Lewis’ car was in the act of passing when he began the turn.
However, I do not believe McIntosh’s negligent conduct was a substantial factor in causing the accident.
The trial judge found that the accident occurred in the right lane and that McIntosh was struck directly in the rear just as he went into the turning maneuver, after he had signaled for a considerable distance. McIntosh should have checked to determine the location of Lewis’ vehicle before commencing his turn (and in this respect he was negligent); but even if McIntosh had timely ascertained the presence of overtaking traffic, he could not have taken measures to prevent the accident, in view of Lewis’ excessive speed and reckless operation. Had McIntosh stopped and afforded Lewis the opportunity to pass, it is probable the accident still would have occurred as it did, despite McIntosh’s due care.
Therefore, McIntosh’s negligence in failing to check for overtaking traffic was not a substantial factor in causing the accident, and defendants failed to carry their burden of proving contributory negligence causally related to the accident.